# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

AMINU ZEGARIAH TIJUANI INUWA,   )
   )
           Petitioner,   )
   )
vs.   )   **Case No. 10-CV-430-JHP-PJC**
   )
JUSTIN JONES, Director,   )
   )
           Respondent.   )

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate and appears *pro se*. Before the Court is Petitioner's amended petition (Dkt. # 14). Respondent filed a response (Dkt. # 21), and provided copies of state court documents[1] (Dkt. ## 21, 22, 23) for the Court's use in evaluating Petitioner's claims.  Petitioner filed a reply (Dkt. # 25). For the reasons discussed below, the amended petition shall be denied.

As a preliminary matter, because the amended petition (Dkt. # 14) replaces and supersedes the original petition (Dkt. # 1), the original petition shall be declared moot.

## *BACKGROUND*

On September 10, 2007, Petitioner entered pleas of no contest (*nolo contendere*) in Tulsa County District Court, Case No. CF-2006-4627. See Dkt. # 23-1 at 12-14.  On that same day, based on the pleas, the trial judge found Petitioner guilty of Robbery with Firearm, After Two or More Felonies (Count I), and Possession of Firearm, After Former Conviction of Felony (Count II). Id. at 14.  The trial judge sentenced him to twenty-three (23) years imprisonment and a $500 fine on

---

[1]  The Court notes that page 18 of the plea hearing transcript, dated September 10, 2007, is missing from both the hard copy provided by Respondent (Dkt. # 22), and the electronic version (Dkt. # 23-1). However, the Court has determined that review of the missing page of the hearing transcript is not essential for resolution of the issues before the Court in this proceeding.

Count I, and  fifteen (15) years imprisonment and a $500 fine on Count II. Id. at 16. The judge

ordered the sentences to be served concurrently. During the plea and sentencing proceedings,

Petitioner was represented by attorney Brian Martin.

On September 12, 2007, Petitioner filed a *pro se* notice to rescind plea. See Dkt. # 23-13,

O.R. at 445. On the same day, attorney Martin filed a motion to withdraw plea on behalf of

Petitioner. Id. at 446-47. On September 13, 2007, the trial judge held a hearing on Petitioner's

motion to withdraw plea. See Dkt. # 23-2, Hr'g Trans. dated Sept. 13, 2007. At that hearing,

Petitioner continued to be represented by attorney Brian Martin.  Id.  At the conclusion of the

hearing, the district judge denied the motion to withdraw plea. Id. at 33.

Represented by attorney Mark Hoover, Petitioner filed a petition for writ of certiorari at the

Oklahoma Court of Criminal Appeals (OCCA). See Dkt. # 21-3, Ex. 3. He raised the following three

(3) propositions of error:

Proposition I:  Because defense counsel notified the court of a conflict of interests, the trial court erred by not appointing new counsel to represent Petitioner at the hearing on his request to withdraw his pleas.

Proposition II:  Because the trial court granted Petitioner's request to withdraw his pleas in open court, the trial court deprived Petitioner of his due process rights when it rescinded its decision.

Proposition III:  Petitioner was deprived of his right to the effective assistance of counsel at the hearing on the motion to withdraw the pleas.

(Dkt. # 21-3, Ex. 3). In an unpublished summary opinion, filed May 15, 2008, in Case No. C-2007-

968, the OCCA granted the writ, finding that Petitioner was denied the effective assistance of

counsel due to an attorney-created conflict of interest. See Dkt. # 21-5, Ex. 5. The OCCA remanded

the case to the district court "for a proper hearing on the Application to Withdraw Guilty Pleas." Id.

at 2.

On June 30- July 2, 2008, the trial judge held a second hearing on Petitioner's application to withdraw pleas. See Dkt. # 23-3, Hr'g Trans. dated July 2, 2008. Petitioner was represented at the second hearing by attorney Donald Palik.  After hearing testimony from Petitioner and attorney Brian Martin, the trial court denied Petitioner's motion to withdraw plea. Id. at 85.

Represented by attorney Thomas Purcell, Petitioner again filed a certiorari appeal at the OCCA. See Dkt. # 21-6, Ex. 6. He raised the following five (5) propositions of error:

Proposition I:  Mr. Inuwa's pleas were not voluntarily entered because Mr. Inuwa was coerced into pleading due to his attorney not being prepared to go to trial.

Proposition II:  Because the trial court initially granted Petitioner's request to withdraw his pleas in open court, the trial court deprived Petitioner of his due process rights when it later rescinded its decision.

Proposition III:  Mr. Inuwa's convictions for possession of a firearm, after former conviction of a felony, and also for robbery with a firearm, constituted double jeopardy and double punishment; therefore, one of the convictions must be vacated.

Proposition IV:  Mr. Inuwa must be allowed to withdraw his pleas of no contest because no factual basis was established to support the pleas.

Proposition V:  Petitioner was deprived of his right to the effective assistance of counsel where his attorney filed a motion to withdraw no contest pleas which did not comply with the rules of this court.

(Dkt. # 21-6, Ex. 6). In an unpublished summary opinion, filed May 13, 2009, in Case No. C-2008-648, the OCCA denied the writ (Dkt. # 21-7, Ex. 7). The judgment and sentence of the district court was affirmed. Id. at 3.

Petitioner next filed a *pro se* application for post-conviction relief, raising multiple ineffective assistance of counsel claims (Dkt. # 21-8, -9, -10, Exs. 8a, 8b, 8c). By order filed July 14, 2010, the district court denied relief (Dkt. # 21-13, Ex. 11). Petitioner attempted to appeal the

denial of relief. His petition in error was filed of record on August 19, 2010 (Dkt. # 21-14, Ex. 12).

However, on September 17, 2010, the OCCA filed its order, in Case No. PC-2010-783, declining

jurisdiction and dismissing the appeal based on Petitioner's failure to file a timely petition in error

as required by Rule 5.2(C)(2) and (5), *Rules of the Oklahoma Court of Criminal Appeals.* See Dkt.

# 21-19, Ex. 15.

Petitioner now seeks federal habeas corpus relief. In his amended petition (Dkt. # 14), filed

on October 21, 2010, Petitioner raises twenty-seven (27) grounds for relief. Grounds 1-8 are set out

in full in the amended petition, as follows:

Ground 1:   Because defense counsel notified court of a conflict of interest the trial court erred by not appointing new counsel to represent Petitioner at the hearing on his request to withdraw. See Exhibit P.

Ground 2:   Because the trial court granted Petitioner's request to withdraw his pleas in open court, the trial court deprived the Petitioner of his Due Process rights when it rescinded its decision. See Exhibit P.

Ground 3:   Petitioner was deprived of his right to effective assistance of counsel at hearing on the motion to withdraw pleas. See Exhibit P.

Ground 4:   Mr. Inuwa's pleas were not voluntarily entered because Mr. Inuwa was coerced into pleading due to his attorney not being prepared to go to trial. See Exhibit Q.

Ground 5:   Because the trial court initially granted Petitioner's request to withdraw pleas in open court, the trial court deprived the Petitioner of his Due Process rights when it later rescinded its decision. See Exhibit Q, S.

Ground 6:   Mr. Inuwa's convictions for possession of firearm and robbery with firearm, both after former convictions of two or more felonies constitutes double punishment and double jeopardy therefore one of the convictions should be vacated. See Exhibit Q, R, S.

Ground 7:   Mr. Inuwa must be allowed to withdraw his pleas of no contest because no factual basis was established to support his pleas. Exhibit Q, S.

4

Ground 8: Petitioner was deprived of his right to the effective assistance of counsel where his attorney filed a motion to withdraw no contest pleas which did not comply with the rules of the court. Exhibit Q, S.

Grounds 9-27 are described only by reference to the propositions raised in Petitioner's post conviction application, similar to the description for Ground 9, as follows:

Ground 9: See Exhibit S - Attachment # 2 Pg. 1, post conviction application propositions Prop (1A) or Application for post conviction relief proposition (1A) in (Exhibit B) 2 pgs.

See Dkt. # 14. In response to the petition, Respondent argues that grounds 1, 2, 3, and 5 relate to Petitioner's first hearing on his application to withdraw pleas and were rendered moot by the OCCA's order remanding to the district court for a second hearing.  As to the remaining claims, Respondent contends that Petitioner is not entitled to relief on grounds 4, 6, 7, and 8 under 28 U.S.C. § 2254(d), and grounds 9-27 are procedurally barred.  See Dkt. # 21.

## *ANALYSIS*

### A. **Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b), (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his claims to the OCCA on certiorari and post-conviction appeal. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) has been satisfied.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000).

### B. **Claims related to first hearing are moot (grounds 1, 2, 3, 5)**

Petitioner's claims set forth in grounds 1, 2, 3, and 5, all relate to issues in the first hearing on Petitioner's application to withdraw pleas.  However, as discussed above, the OCCA granted

Petitioner's certiorari appeal after finding merit to his claims raised regarding his first hearing, and remanded the case to the district court for a new hearing on his application to withdraw pleas.

"Article III of the United States Constitution only extends federal judicial power to cases or controversies." United States v. Meyers, 200 F.3d 715, 718 (10th Cir. 2000). "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." Aragon v. Shanks, 144 F.3d 690, 691 (10th Cir. 1998). To satisfy the case or controversy requirement, the petitioner "must have suffered or be threatened with an actual injury traceable to the respondents and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). A petitioner must "continue to have a personal stake in the outcome" of his case in order to satisfy the case or controversy requirement of Article III. Spencer, 523 U.S. at 7.

In this case, the relevant inquiry as to any ground related to Petitioner's first hearing on his application to withdraw pleas is whether the ground still presents a case or controversy under Article III which could be redressed by a favorable decision. Id. The answer in Petitioner's case is "no." Clearly, grounds 1, 2, 3, and 5 in this habeas action are moot since the OCCA granted Petitioner's requested relief the first time the issues were raised. Although the OCCA did not specifically address grounds 2 and 5 in its order granting relief on Petitioner's first certiorari appeal, they are nonetheless moot as Petitioner received a new hearing on his application to withdraw pleas. See Dkt. # 21-7, Ex. 7 at 3 (OCCA's summary opinion denying certiorari and finding that the OCCA's first ruling granting certiorari enabled the parties to litigate the application to withdraw pleas anew and that "[a]ny error in the first hearing is now moot"). In summary, the Court finds grounds 1, 2, 3, and 5 are moot and shall be denied on that basis.

**C.**      **Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

To the extent Petitioner's remaining claims are not procedurally barred, they shall be reviewed pursuant to § 2254(d).

1. **Voluntariness of *nolo contendere* pleas (ground 4)**

In his fourth ground for relief, Petitioner contends that his pleas were not voluntarily entered because he was coerced into pleading due to his attorney not being prepared to go to trial. The OCCA denied the claim relating to the voluntariness of his plea in its summary opinion denying a writ of certiorari, stating that, "[t]the record supports the district court's finding that Inuwa's pleas were knowing and voluntary rather than coerced. The district court did not abuse its discretion in denying Inuwa's motion to withdraw plea." See Dkt. # 21-7, Ex. 7 at 2.

In <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969), the Supreme Court held that a guilty plea[2] must be entered into "knowingly and voluntarily." A plea is not voluntary unless the defendant knows the direct consequences of his decision, including the maximum penalty to which he will be exposed. <u>Worthen v. Meachum</u>, 842 F.2d 1179, 1182 (10th Cir. 1988) (stating that critical inquiry is whether defendant knows of maximum possible sentence), *overruled on other grounds by* <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991). Furthermore, it is not necessary that the record reflect a detailed enumeration and waiver of rights as a result of the guilty plea; rather the issue is simply whether the record affirmatively shows that the guilty plea was intelligent and voluntary. <u>Stinson v. Turner</u>, 473 F.2d 913 (10th Cir. 1973). Although a petitioner's statements made at the guilty plea hearing "are subject to challenge under appropriate circumstances," they constitute "a formidable barrier in any subsequent collateral proceeding." <u>United States v. Maranzino</u>, 860 F.2d 981, 985 (10th Cir. 1988) (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977)); <u>see also</u> <u>Romero v. Tansy</u>,

---

[2] The Tenth Circuit has found that in Oklahoma, "a *nolo contendere* plea 'has the same legal effect as a guilty plea except that it may not be used against the defendant as an admission in any civil suit based on the act upon which the criminal prosecution is based.'" <u>United States v. Cartwright</u>, 678 F.3d 907, 916 (10th Cir. 2012) (quoting <u>Morgan v. State</u>, 744 P.2d 1280, 1281 (Okla. Crim. App. 1987)).

46 F.3d 1024, 1033 (10th Cir. 1995). "Whether a plea is voluntary is a question of federal law, but this legal conclusion rests on factual findings and inferences from those findings." Fields v. Gibson, 277 F.3d 1203, 1212 (10th Cir. 2002) (citing Boykin). As discussed above, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

In this case, Petitioner's allegations in proposition four are belied by the record. Respondent provided copies of the "Findings of Fact - Acceptance of Plea" filed in Petitioner's case. See Dkt. # 21-1, Ex. 1. On the first page, Petitioner affirmed that he could read and understand the form.  Id. at ¶ 4. He identified Brian Martin as his lawyer. Id. at ¶ 15. Petitioner also affirmed that he understood the nature and consequences of the proceeding, had talked over the charges with his lawyer, had advised his lawyer regarding any available defenses, and had his lawyer's advice. Id. at ¶¶ 8 and 16. Further, he answered "Yes" to the question, "Do you believe your lawyer has effectively assisted you in this case and are you satisfied with his/her advice?" Id. at ¶ 17. He correctly stated an understanding of the terms of his plea agreement. Id. at ¶ 19.  He indicated that he did not have any additional statements to the court. Id. at ¶ 28. Petitioner swore under oath that his answers were true and correct, and that he understood he could be prosecuted for perjury if he had made false statements to the court. Id. at ¶ 20.

In addition to the form, Petitioner testified at his plea hearing on September 10, 2007, that he had read and answered truthfully the statements on the Findings of Fact and Acceptance of Plea form. See Dkt. # 23-1, Plea Hr'g Trans. dated Sept. 10, 2007, at 3. The trial court conducted a thorough inquiry of Petitioner concerning his desire to plead no contest pursuant to plea agreements

covering both counts, and whether the terms of the plea agreements had been thoroughly explained and were understood by Petitioner. Id. at 4-5. The trial judge also specifically enumerated trial rights that Petitioner was waiving by pleading guilty. Id. at 10. Petitioner testified that he was pleading no contest to each of the counts because he believed that the state could convince a judge or jury of his guilt beyond a reasonable doubt. Id. at 14. The court concluded that there was a factual basis for the no contest pleas and accepted the pleas. The record demonstrates an "affirmative showing" that Petitioner's guilty pleas were knowing and voluntary, as required by Boykin.

In determining that the trial court did not abuse its discretion in denying Petitioner's motion to withdraw his plea, the OCCA applied the correct legal standard in analyzing Petitioner's plea. See Dkt. # 21-7, Ex. 7 at 2, n.2 (citing Cox v. State. 152 P.3d 244, 251 (Okla. Crim. App. 2006) (relying on Boykin)). Moreover, the OCCA's factual conclusions are supported by the record. The Court finds that Petitioner has not presented clear and convincing evidence to rebut the presumption of correctness afforded the OCCA's factual determinations. 28 U.S.C. § 2254(e)(1). Nor has Petitioner demonstrated that the OCCA's decision was an unreasonable application of Supreme  Court law. 28 U.S.C. § 2254(d). For those reasons, habeas corpus relief is denied on ground four.

**2. Double jeopardy/double punishment (ground 6)**

In his sixth ground for relief, Petitioner contends that his convictions for Possession of Firearm and Robbery with Firearm, both After Former Convictions of Two or More Felonies constitutes double punishment[3] and double jeopardy. The OCCA rejected this claim in the second

---

[3]   Although Petitioner does not specifically reference an Oklahoma statute in complaining about "double punishment," he refers the Court to his second certiorari appeal in OCCA Case No. C-2008-648. In his appellate brief before the OCCA, Petitioner complained that the two convictions violate the prohibition on multiple punishments found in Okla. Stat. tit. 21, § 11. See Dkt. # 21-6, Ex. 6 at 12.

certiorari appeal, finding that the two convictions did not violate the prohibition against double jeopardy or the restrictions found in Okla. Stat. tit. 21, § 11. See Dkt. # 21-7, Ex. 7 at 3.

To the extent Petitioner claims that he has suffered multiple punishments in violation of Oklahoma statutory law, Okla. Stat. tit. 21, § 11, the Court finds the claim should be denied because it is not cognizable on federal habeas corpus review.  A federal habeas court has no authority to review a state court's interpretation or application of its own state laws.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions).  Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id.; 28 U.S.C. §§ 2254(a).  Petitioner's double punishment claim, insofar as it is based on an Oklahoma statute, is not cognizable in this federal habeas corpus proceeding and shall be denied on that basis.

Nor is Petitioner entitled to relief on a federal constitutional claim of double punishment. The double jeopardy clause protects against multiple punishments for the same offense.  North Carolina v. Pearce, 395 U.S. 711, 717 (1969), *overruled on other grounds by* Alabama v. Smith, 490 U.S. 794 (1989).  In addition, a single act may form the basis for the prosecution of two distinct statutory offenses whenever conviction for each offense requires the proof of a fact that the other does not. Blockburger v. United States, 284 U.S. 299, 304 (1932); Anderson v. Mullin, 327 F.3d 1148, 1153-54 (10th Cir. 2003); Goldsmith v. Cheney, 447 F.2d 624, 627-28 (10th Cir. 1971).

On certiorari appeal, Petitioner argued that his convictions violated the prohibition against double jeopardy because "these convictions arose out of the same act."  See Dkt. # 21-6, Ex. 6 at 12-16.  However, under Blockburger, Petitioner was convicted of two distinct offenses. There is no

11

double jeopardy violation. Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of federal law as determined by the Supreme Court.  Therefore, his request for habeas corpus relief on ground six shall be denied.  28 U.S.C. § 2254(d).

### 3. Factual basis for pleas (ground 7)

For his seventh ground, Petitioner states that he "must be allowed to withdraw his pleas" because there was no factual basis to support the pleas. See Dkt. # 14 at 16. In his state appellate brief, Petitioner cites only state law to support this claim. He makes no claim of a federal constitutional violation, nor does he cite federal law to support his demand that the must be allowed to withdraw his pleas. Citing Hagar v. State, 990 P.2d 894, 896 (Okla. Crim. App. 1999),[4] the OCCA found that the record contains a sufficient factual basis to support Petitioner's pleas. See Dkt. # 21-7, Ex. 7 at 3. Further, there is no federal constitutional requirement for a district court to ascertain a factual basis for the plea unless a defendant claims actual innocence while pleading. See Perkis v. Sirmons, 201 Fed. Appx. 648, 651 (10th Cir. 2006) (unpublished).[5]  Petitioner has failed to demonstrate that the OCCA's decision was contrary to or involved an unreasonable application of clearly established Supreme Court law, or was based on an unreasonable determination of the facts. Habeas relief shall be denied on Petitioner's ground seven claim.

---

[4]  In Hagar, the OCCA relied upon North Carolina v. Alford, 400 U.S. 25, 37-38 (1970), for the proposition that the factual basis of a plea must be sufficient to provide a means by which the judge can test whether the pleas is being entered intelligently.

[5]  This unpublished opinion is cited for persuasive value.  See 10th Cir. R. 32.1(A).

**4. Ineffective assistance of counsel (ground 8)**

Petitioner next claims that his attorney was constitutionally deficient when he filed a motion to withdraw pleas which did not comply with the rules of the court. In particular, Petitioner complains that his counsel did not list any reasons for Petitioner wanting to withdraw his pleas in the motion to withdraw pleas. See Dkt. # 21-6, Ex. 6 at 20. Citing Strickland v. Washington, 466 U.S. 668 (1984), the OCCA concluded that Petitioner failed to show deficient performance and prejudice as a result of his attorney's failure to list grounds to support Petitioner's motion to withdraw plea.  See Dkt. # 21-7, Ex. 7 at 3.

To be entitled to habeas corpus relief on his claim of ineffective assistance of counsel, Petitioner must demonstrate that the OCCA's adjudication of this claim was an unreasonable application of Strickland. Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases.  Strickland, 466 U.S. at 687-88.  There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688.  In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential.  "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). This Court's review of the OCCA's decision on ineffective assistance of counsel claims is "doubly deferential." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (noting that a habeas court must take a "highly deferential" look at counsel's performance under Strickland and through the "deferential" lens of § 2254(d)). If Petitioner is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. Strickland, 466 U.S. at 700. Thus, it is not always necessary to address both Strickland prongs.

In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court set out the applicable standard for reviewing ineffective assistance of counsel claims in the context of guilty pleas. In accord with Strickland, 466 U.S. at 687, a defendant challenging the effective assistance of counsel during the guilty plea process must show that counsel's performance was deficient and that such deficient performance prejudiced him. Id. at 57-58. As the Court explained in Hill,

> [I]n the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence . . . . The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Id. at 58-59. However, "a petitioner's 'mere allegation' that he would have insisted on trial but for his counsel's errors, although necessary, is ultimately insufficient to entitle him to relief." Miller v.

14

Champion, 262 F.3d 1066, 1072 (10th Cir. 2001) (quoting Hill, 474 U.S. at 59). Rather, the Court "look[s] to the factual circumstances surrounding the plea to determine whether the petitioner would have proceeded to trial." Id.

Upon review of the record in Petitioner's case, it is clear that he has not satisfied the prejudice prong of the Strickland and Hill standards. He was given an opportunity at two hearings before the district court to explain his reasons for seeking a withdrawal of his no contest pleas. Although two different judges presided over the hearings, and heard Petitioner explain why he wanted to withdraw his pleas, both judges concluded that the original pleas were both knowingly and voluntarily given. The Court concludes that counsel's failure to list the reasons on the motion to withdraw pleas had no bearing on the decision of the district court after each hearing. In addition, Petitioner does not allege in this habeas action that but for counsel's deficient performance, he would have insisted on proceeding to trial.  Therefore, Petitioner has failed to show prejudice. The OCCA's rejection of this issue was not an unreasonable application of Strickland, and Petitioner's claim for relief based on ineffective assistance of counsel shall be denied.

**D.      Procedural bar (grounds 9-27)**

In grounds 9-27, Petitioner alleges that his appellate counsel failed to provide constitutionally effective representation.  These claims were not raised in either of Petitioner's certiorari appeals, but were raised for the first time in Petitioner's post-conviction application. For the reasons discussed below, the Court finds the claims are procedurally barred.

The record confirms that these ineffective assistance of appellate counsel claims were raised in Petitioner's application for post-conviction relief. See Dkt. # 21-8, -9, -10, Ex. ## 8a, 8b, 8c. However, the OCCA dismissed Petitioner's post-conviction appeal as untimely, based on

15

Petitioner's failure to comply with Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*. See Dkt. # 21-19, Ex. 15. In response to the petition, Respondent asserts that this Court should uphold the procedural bar imposed by the OCCA as to the arguments asserted in Petitioner's 9-27 grounds of error.  See Dkt. # 21 at 27.

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991).   "A state court finding of procedural default is independent if it is separate and distinct from federal law."  Maes, 46 F.3d at 985.  A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority' of cases."  Id. at 986 (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir.1991)).

Applying the principles of procedural default to these facts, the Court concludes Petitioner's grounds 9-27 are procedurally barred from this Court's review. The state court's procedural bar as applied to Petitioner's claims of ineffective assistance of appellate counsel was an "independent" ground because Petitioner's failure to comply with state procedural rules was "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. Additionally, the procedural bar was an "adequate" state ground because, as stated above, the OCCA requires strict adherence to procedural rules and consistently dismisses appeals which do not comply with the rules. See Johnson v.

16

Champion, 288 F.3d 1215, 1227 n.3 (10th Cir. 2002) (concluding that the OCCA's declination of jurisdiction based on Rule 5.2(C)(2) constitutes an independent and adequate state procedural ground).

As a result, the Court finds that habeas corpus relief on grounds 9-27 shall be denied on the basis of the procedural default doctrine unless Petitioner demonstrates "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his procedural default of the claims. Coleman, 501 U.S. at 750; Maes, 46 F.3d at 985.   To demonstrate "cause," a petitioner is required to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986).  Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials.  Id.  A petitioner is additionally required to establish prejudice, which requires showing "'actual prejudice' resulting from the errors of which he complains."  United States v. Frady, 456 U.S. 152, 168 (1982).  The alternative is proof of a "fundamental miscarriage of justice," which requires a petitioner to demonstrate that he is "actually innocent" of the crime for which he was convicted.  McCleskey v. Zant, 499 U.S. 467, 494 (1991).

As part of his reply to Respondent's assertion that grounds 9-27 are procedurally barred, Petitioner alleges that he attempted to file his post-conviction petition in error timely, but "he was hindered and prevented from complying with the OCCA's rules/procedures due [to] 'official interference' by Lawton Correctional Facility failure to provide Petitioner with a pauper's affidavit in a timely matter to be filed with petition in error . . . and because OCCA Court Clerk waited to file Petitioner's appeal until August 19, 2010." See Dkt. # 25 at 2. However, Petitioner admits that he did not send a pauper's affidavit with his petition in error sent on August 10, 2010. Id.  He also

concedes that he received a letter from the OCCA court clerk advising that his documents would be retained until a pauper's affidavit or $50.00 filing fee was paid. id.

Pursuant to Rule 1.11, *Rules of the Oklahoma Court of Criminal Appeals*, a pleading is not considered filed in the OCCA "until such time as the filing fee is paid or an 'Affidavit *in Forma Pauperis*' is properly filed." See Rule 1.11.  Based on the record, it appears that Petitioner's post-conviction petition in error was not filed of record until September 3, 2010, because that is the date the Clerk of the Appellate Courts received Petitioner's pauper's affidavit.  Thus, Petitioner's untimely filing of this post-conviction petition in error is attributable to his own failure to file a timely pauper's affidavit, rather than to any action by the Clerk of the Appellate Courts.  Further, other than to assert that it was "well in advance of Aug. 10, 2010," Petitioner has not advised this Court, or provided any evidence to show, when he requested prison officials to provide him a pauper's affidavit. See Dkt. # 25 at 3. It was apparently not early enough to obtain the affidavit in time to submit with his petition in error.  Finally, if Petitioner believes he can prove that he was denied a timely post-conviction appeal through no fault of his own, he has an available remedy: to seek a post-conviction appeal out of time. Nothing suggests he has utilized that remedy before coming to federal court. As a result, the Court finds that Petitioner has failed to demonstrate "cause" sufficient to overcome the procedural bar applicable to his claims of ineffective assistance of counsel described in grounds 9-27.

Petitioner's only other means of gaining federal habeas review of his defaulted claims is a claim of actual innocence under the fundamental miscarriage of justice exception.  Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995).  To meet this test, a criminal defendant must make a colorable

showing of factual innocence.  Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ."  Schlup, 513 U.S. at 316.  Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. Petitioner fails to provide any new evidence in support of his claim of actual innocence. Instead, he simply sets out evidence that he believes would have exonerated him, all of which was available at the time of his preliminary hearing. See Dkt. # 25 at 6-11. Because none of the proffered evidence is new, Petitioner has not satisfied the fundamental miscarriage of justice exception. Therefore, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claims are not considered, the Court concludes that Petitioner's grounds 9-27 shall be denied as procedurally barred.  Coleman, 501 U.S. at 750.

E.      **Certificate of appealability**

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a

court could resolve the issues differently, or that the questions deserve further proceedings.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484.

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA was debatable amongst jurists of reason.  See Dockins v. Hines, 374 F.3d 935 (10th Cir. 2004).  As to those claims denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of relief on grounds 9-27 on procedural grounds was debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## CONCLUSION

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.      The original petition for writ of habeas corpus (Dkt. # 1) is **declared moot**.

2.      The amended petition for a writ of habeas corpus (Dkt. #14) is **denied**.

3.      A separate judgment shall be entered in this matter.

4.      A certificate of appealability is **denied**.

**DATED THIS** 14th day of May, 2013.

James H. Payne
United States District Judge
Northern District of Oklahoma